UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH SCOTT NEPRAS,<br><br>                Plaintiff,<br>    v.<br><br>MARY ROBNETT, et al.,<br><br>                Defendants. | CASE NO. 3:25-cv-05204-JLR-DWC<br><br>ORDER GRANTING EXTENSION AND TO SHOW CAUSE |

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Plaintiff Kenneth Scott Nephras, proceeding *pro se*, initiated this action on March 12, 2025, by filing an incomplete application to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkts. 1, 1-1. Plaintiff requests additional time to complete his IFP application by filing a certified copy of his prisoner trust account statement. Dkt. 3. Plaintiff's request for an extension of time to complete his IFP application is granted. However, if he intends to proceed in this action, Plaintiff must also show cause why his proposed complaint should not be dismissed as frivolous and for failure to state a claim.

ORDER GRANTING EXTENSION AND TO
SHOW CAUSE - 1

## I. BACKGROUND

Plaintiff, an inmate currently confined at Pierce County Jail, filed this action challenging his pretrial confinement pursuant to an ongoing state court prosecution. Dkt. 1-1. Plaintiff alleges he is a "Moorish American National" who is being detained illegally and asserts various claims including "slanderous denationalization," kidnapping and ransom, human trafficking, warrantless arrest, and a violation of due process. *Id.* at 4–8. Plaintiff seeks immediate release and $7 million in damages. *Id.* at 9.

## II. MOTION FOR EXTENSION (DKT. 3)

In support of his request for an extension of time to complete his IFP application, Plaintiff states he has attempted to obtain a certified copy of his prison trust account statement unsuccessfully for approximately six months. Dkt. 3 at 1. Given Plaintiff's reported difficulty in obtaining the required documents, his motion for an extension of time (Dkt. 3) is granted. Plaintiff may complete his IFP application by either (1) filing a certified copy of his prison trust account statement or (2) filing a sworn declaration detailing his efforts to obtain a copy of his prison trust account statement and attesting to the current balance in that account. Alternatively, Plaintiff may cure his initial filing deficiencies by paying the $405.00 filing fee. The new deadline for Plaintiff to cure his initial filing deficiencies by either completing his IFP application or paying the filing fee is May 12, 2025. Failure to accomplish one of those tasks on or before the stated deadline will result in a recommendation this action be dismissed.

## III. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988*); Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## IV. DISCUSSION

Upon review, the Court finds the proposed complaint is deficient and subject to dismissal because it is (A) premised on a frivolous legal theory, (B) requests damages from immune defendants, (C) seeks federal interference in ongoing state criminal proceedings, and (D)

requests relief not available under 42 U.S.C. § 1983. As such, Plaintiff must show cause why this action should not be dismissed as frivolous and for failure to state a claim.

**A.    Frivolous Legal Theory**

First, Plaintiff's proposed complaint is deficient because his claims are based on a frivolous legal theory. The PLRA requires dismissal of any frivolous or malicious claims raised in prisoner civil rights actions. 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B). Claims properly dismissed as frivolous under the PLRA are "those claims whose factual contentions are clearly baseless" and "claims describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327. Determining the frivolousness of a claim is a matter of discretion. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Each claim raised in the proposed complaint is based on Plaintiff's theory that, as a "Moorish American National," he has an "absolute right to self govern" and is not subject to the laws or jurisdiction of Washington state. Dkt. 1-1 at 4–8 (asserting he is "not under these people's jurisdiction whatsoever" and calling for an investigation and "shutdown" of "people…impersonating real Judges/public officials" with "no respect for Law, People, or The Rights of the People"); *see also id.* at 10–14 (Plaintiff's declaration further describing his Moorish nationality and sovereign citizenship). Similar claims based on a purported right to self-govern and sovereign-citizen ideologies are routinely dismissed as frivolous by federal courts. *See United States v. Ward*, 182 F.3d 930, at *2 (9th Cir. 1999) (noting contentions based on sovereign-citizen arguments are "frivolous" and subject to summary dismissal) (collecting cases); *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (rejecting frivolous claim similar to the "meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans."); *U.S. v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (rejecting sovereign-citizen claims and noting claims based on the ideology are "frivolous,

irrational, or unintelligible") (collecting cases); *Trevino v. Florida*, 687 Fed. App'x 861, 862 (11th Cir. 2017) (affirming dismissal of sovereign-citizen complaint as frivolous under § 1915A); *Bey v. Dimon*, No. 19-CV-07122-PJH, 2020 WL 999548, at *2 (N.D. Cal. Mar. 2, 2020) (noting that "courts reject any argument that one's status as a Moor makes him or her a sovereign citizen who is immune from otherwise generally applicable law") (collecting cases); *Bey v. Peltier*, No. 17-cv-2552-FMO (KS), 2018 WL 1858189, at *3 (C.D. Cal. Jan. 25, 2018), *report and recommendation adopted*, 2018 WL 851291 (C.D. Cal. Feb. 12, 2018) ("Because all of Plaintiff's claims stem from her frivolous assertions regarding her sovereign status and amendment would therefore be futile, the Complaint must be dismissed with prejudice."). Indeed, the Ninth Circuit has long recognized that "advancement of such utterly meritless [sovereign-citizen] arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *See also U.S. v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). Because Plaintiff's claims are based on a frivolous legal theory, he must show cause why this action should not be dismissed.

**B.     Prosecutorial Immunity**

Even if Plaintiff's claims were based on a nonfrivolous legal theory, his proposed complaint is deficient because each of the named defendants is shielded by prosecutorial immunity. Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430–31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427).

Plaintiff names the following Pierce County Prosecutors as defendants and alleges they violated his rights in various ways during the course of his ongoing state court prosecution: Mary Robnett, Loren Halshom, and Telesita Tamez. Dkt. 1-1 at 3, 4–8. Plaintiff's allegations against each defendant relate directly to their traditional prosecutorial functions, and the only remedy Plaintiff seeks that is available in a § 1983 action is monetary damages. *See* Sect. D *below*. Because Defendants Robnett, Halshom, and Tamez are absolutely immune from damages claims regarding their performance traditional prosecutorial functions, Plaintiff fails to state a claim against the defendants and must show cause why this action should not be dismissed.

C.     *Younger* Abstention

Plaintiff's proposed complaint is also deficient because it would require federal interference in ongoing state criminal proceedings, which is barred by the *Younger* abstention doctrine. Generally, the federal courts will not intervene in a pending state court proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Where these factors are met, federal court must abstain unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo v. Hennessy*, 882 F.3d 763, 766 (9th Cir. 2018).

All the *Younger* criteria are satisfied here. First, Plaintiff is a pretrial detainee with an ongoing criminal prosecution in Washington State courts. Second, as these proceedings involve a state criminal prosecution, they implicate important state interests. *Younger*, 401 U.S. at 43–44; *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) ("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one"). Third, Plaintiff does not plausibly allege he has been denied an adequate opportunity to address the issues he seeks to raise here in state court. Fourth, Plaintiff seeks an order declaring his pretrial confinement unlawful and requiring his immediate release. Dkt. 1-1 at 9. If this Court were to conclude that Plaintiff was entitled to such relief, this would have the practical effect of enjoining his ongoing state court proceedings.

Accordingly, *Younger* abstention applies in this case, and Plaintiff must therefore show cause why this action is not subject to dismissal.

**D.    Habeas v. Section 1983**

Finally, Plaintiff's proposed complaint is deficient because he seeks relief not available under 42 U.S.C. § 1983. Pretrial detainees may bring an action under § 1983 for "constitutional questions regarding the . . . circumstances of [his] confinement[.]" *See Trueblood v. Wash. State Dep't of Soc. & Health Servs.*, 822 F.3d 1037, 1043 (9th Cir. 2016) (quoting *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003)). A prisoner who seeks monetary damages because of an alleged violation of constitutional rights must file a civil rights action pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994); *see also Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus."). Importantly, however, "when a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and

the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

Here, Plaintiff seeks immediate release from pretrial detention, which is not an available remedy in § 1983 actions. Dkt. 1-1 at 9. Although Plaintiff also seeks monetary damages, his claims challenge the very fact of his pretrial detention, not the conditions of that detention. Therefore, even if Plaintiff could identify a non-frivolous legal theory to challenge the validity of his pretrial detention, the proper mechanism for raising such claims is by filing a federal habeas petition pursuant to 28 U.S.C. § 2241, not a prisoner civil rights complaint under 42 U.S.C. § 1983.

## V. INSTRUCTIONS TO PLAINTIFF

Plaintiff's motion for an extension is granted. Dkt. 3. However, if Plaintiff intends to proceed in this action, he must on or before May 12, 2025:

(1) Cure his initial filing deficiencies by:

    (a) Filing a complete IFP application, including either (i.) a certified copy of his prison trust account statement or (ii.) filing a sworn declaration detailing his efforts to obtain a copy of his prison trust account statement and attesting to the current balance in that account; or

    (b) Paying the $405.00 filing fee.

(2) Plaintiff must also show cause why his proposed complaint should not be dismissed as frivolous and for failure to state a claim.

Failure to accomplish both of the above tasks will result in a recommendation this action be dismissed.

Dated this 10th day of April, 2025.

David W. Christel
United States Magistrate Judge

ORDER GRANTING EXTENSION AND TO SHOW CAUSE - 8