UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH SCOTT NEPRAS,<br><br>                Plaintiff,<br>     v.<br><br>MARY ROBNETT, et al.,<br><br>                Defendants. | CASE NO. 3:25-cv-05204-JLR-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 2, 2025 |

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Plaintiff Kenneth Scott Nephras, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkts. 7, 8. Following an initial screening under 28 U.S.C. § 1915A, the Court identified several deficiencies and ordered Plaintiff to show cause why this action should not be dismissed as frivolous and for failure to state a claim. Dkt. 4. Plaintiff has not directly responded to the screening and show cause order and, instead, filed a motion to withdraw his complaint and convert this action to a federal habeas action pursuant to 28 U.S.C. § 2241. Dkt. 9.

For the reasons below, the undersigned recommends Plaintiff's motion be denied and this action be dismissed as frivolous and for failure to state a claim.

REPORT AND RECOMMENDATION - 1

## I.    BACKGROUND

Plaintiff is a pretrial detainee currently confined at Pierce County Jail. In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff names the following Pierce County Prosecutors as defendants and alleges they violated his rights in various ways during the course of his ongoing state court prosecution: Mary Robnett, Loren Halshom, and Telesita Tamez. Dkt. 8 at 3, 4–8. In particular, Plaintiff alleges he is being detained illegally and asserts various claims including "slanderous denationalization," kidnapping and ransom, human trafficking, warrantless arrest, and a violation of due process. *Id.* at 4–8. Each claim is based on Plaintiff's theory that, as a "Moorish American National," he has an "absolute right to self govern" and is not subject to the laws or jurisdiction of Washington state. *Id.*; *see also id.* at 10–14 (declaration further describing Plaintiff's alleged Moorish nationality and sovereign citizenship). Plaintiff seeks immediate release from pretrial confinement and $7 million in damages. *Id.* at 9.

## II.    SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487

REPORT AND RECOMMENDATION - 2

U.S. 42, 48 (1988*); Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III.  DISCUSSION

Following an initial screening, the Court found the complaint deficient and subject to dismissal because it (1) is premised on a frivolous legal theory, (2) seeks federal interference in ongoing state criminal proceedings, (3) requests damages from immune defendants, and (4) requests release from confinement, which is not relief not available under 42 U.S.C. § 1983. Dkt. 4.

First, Plaintiff's complaint is based on a frivolous legal theory, and the PLRA requires dismissal of any frivolous or malicious claims raised in prisoner civil rights actions. 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B); *see also Neitzke*, 490 U.S. at 327. Central to each of Plaintiff's claims is his theory that, as a "Moorish American National," he has an "absolute right to self govern" and is not subject to the laws or jurisdiction of Washington state. Dkt. 8 at 4–8. The Ninth Circuit has long recognized that "advancement of such utterly meritless [sovereign-citizen]

REPORT AND RECOMMENDATION - 3

arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *See also U.S. v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). For this reason alone, Plaintiff's complaint is deficient and subject to dismissal as frivolous. *See* Dkt. 4 at 4–5 (collecting cases dismissing claims based on purported right to self-govern and sovereign-citizen ideologies as frivolous).

Second, Plaintiff's complaint is deficient because it would require federal intervention in ongoing state criminal proceedings, which is prohibited by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

> The *Younger* abstention doctrine requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Where these factors are met, federal court must abstain unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo v. Hennessy*, 882 F.3d 763, 766 (9th Cir. 2018).

Dkt. 4 at 6. Each of the *Younger* criteria is met here. Plaintiff is a pretrial detainee with an ongoing criminal prosecution in Washington State courts, and such proceedings implicate important state interests. Plaintiff does not demonstrate he was denied an adequate opportunity to address his concerns in state court, and the relief he requests in federal court would have the practical effect of enjoining his state court proceedings. Each factor requiring abstention is present, and Plaintiff has not shown bad faith, harassment, or an extraordinary circumstance that would make abstention in appropriate. Therefore, the complaint is deficient and subject to dismissal under the *Younger* abstention doctrine.

Third, Plaintiff's allegations against each defendant relate directly to their traditional prosecutorial functions, and the only remedy Plaintiff seeks that is available in a § 1983 action is

REPORT AND RECOMMENDATION - 4

monetary damages. *See* Dkt. 8 at 4–8. Because Defendants Robnett, Halshom, and Tamez are absolutely immune from damages claims regarding their performance of traditional prosecutorial functions, the complaint is deficient and subject to dismissal for failure to state a claim upon which relief can be granted against any defendant. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986).

Fourth, Plaintiff requests release from confinement, which is not a form of relief available under 42 U.S.C. § 1983. Pretrial detainees may bring an action under § 1983 for "constitutional questions regarding the . . . circumstances of [their] confinement[.]" *See Trueblood v. Wash. State Dep't of Soc. & Health Servs.*, 822 F.3d 1037, 1043 (9th Cir. 2016) (quoting *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003)). Importantly, however, "when a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

With regard to this final deficiency, Plaintiff filed a motion to withdraw his complaint and convert this action to a federal habeas action pursuant to 28 U.S.C. § 2241. Dkt. 9. Plaintiff's request, however, would only address one of defects in his complaint. Moreover, the Ninth Circuit has cautioned against converting § 1983 actions to habeas corpus actions, advising that "[t]he simplest way to avoid [potential prejudice to the plaintiff] is to…state that the prisoner's claims must be addressed in a habeas petition, and dismiss the 1983 claims without prejudice." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Therefore, the Court concludes it would be inappropriate to convert this action to a federal habeas action and further concludes Plaintiff has failed to show cause why this action should not be dismissed as frivolous and for failure to state a claim.

REPORT AND RECOMMENDATION - 5

## IV. CONCLUSION

For the above stated reasons and those addressed in the screening and show cause order (Dkt. 4), the undersigned recommends this action be dismissed as frivolous and for failure to state a claim.[1] In addition, Plaintiff's motion to withdraw his complaint and convert it to federal habeas corpus petition (Dkt. 9) should be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 2, 2025**.

Dated this 16th day of May, 2025.

David W. Christel
United States Magistrate Judge

---

[1] Dismissal on the recommended grounds constitutes a strike under 28 U.S.C. § 1915(g).